Filing # 142913228 E-Filed 01/30/2022 10:38:45 AM

IN THE COUNTY COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA
SMALL CLAIMS DIVISION

**MARIO PINO,**

    **Plaintiff,**

v.   Case No.

**RADIUS GLOBAL
SOLUTIONS LLC,**

    **Defendant.**
_____/

### PLAINTIFF'S STATEMENT OF CLAIM

**COMES NOW**, Plaintiff, **MARIO PINO** ("Mr. Pino" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Statement of Claim against Defendant, **RADIUS GLOBAL SOLUTIONS LLC** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" as defined by 15 U.S.C. § 1692a(5) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), where Defendant communicated information in connection with the collection of the subject alleged Debt with person(s) other than Mr. Pino, his attorney, or a consumer reporting agency without prior consent of Mr. Pino given directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy.

## *Jurisdiction and Venue*

2. This is an action for damages that does not exceed Eight Thousand Dollars ($8,000.00), exclusive of interest, costs, and attorney's fees.

3. Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

4. Jurisdiction of this Court also arises where Defendant's tortious activity under the FCCPA occurred in the State of Florida.

5. Venue is proper in Seminole County, Florida, where Defendant has physical locations in Seminole County, Florida.

6. Venue is proper in Seminole County, Florida, where this tortious cause of action accrued in Seminole County.

7. Venue is also proper in Seminole County, Florida pursuant to Fla. Stat. § 559.77 (1) as a substantial part of the events or omissions giving rise to the claims occurred in this County.

## *Parties*

8. Plaintiff, Mr. Pino, was and is a natural person and, at all times material hereto, is an adult, a resident of Seminole County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8) and/or 15 U.S.C. § 1692a(3).

9. At all times material hereto, Defendant was and is a business with its principal place of business in the state of MN, and its registered agent, C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, FL 33324.

10. Further, at all times material hereto, Defendant is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a(6).

11. Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, defaulted consumer debts.

12. Defendant collects or attempts to collect defaulted debts owed to another using the telephone and mails.

### *Statements of Fact*

13. Mr. Pino opened a credit card account with Citibank N.A. for personal or household use ("Account").

14. Sometime thereafter, Mr. Pino encountered financial difficulties and fell behind on his payments towards the Account, which incurred an outstanding balance owed thereunder ("Debt").

15. Under information and belief, the Account and Debt was then sold, assigned, or transferred to Defendant for collection purposes.

16. The Debt was in default status at the time it was sold, assigned, or transferred to Defendant for collection purposes.

17. Mr. Pino never directly provided Defendant with prior consent to communicate any information in connection with the collection of the Debt with any persons.

18. At no time has a court of competent jurisdiction authorized Defendant to communicate any information in connection with the collection of the Debt with any persons.

19. At no time has Defendant needed to effectuate a postjudgment judicial remedy when communicating any information in connection with the collection of the Debt with any persons.

20. Despite Defendant failing to have Mr. Pino's prior consent to communicate information in connection with the collection of the Debt with any persons, Defendant has communicated information in connection with the collection of the Debt to third-party vendors.

21. As part of its utilization of third-party vendors, Defendant conveyed information regarding the alleged Debt to at least one third-party vendor.

22. The information conveyed by Defendant to its third-party vendor included Mr. Pino's personal identifying information, contact information, status as a debtor, the precise amount of the alleged Debt, the entity to which Mr. Pino allegedly owed the Debt, and the fact that the alleged Debt concerned a defaulted debt of Mr. Pino.

23. Defendant also conveyed that it was a debt collector attempting to collect a debt from Mr. Pino to its third-party vendor(s).

24. Under information and belief, Defendant communicated information in connection with the collection of the Debt to a third-party vendor that provided risk assessments with respect to Mr. Pino and the Account.

25. Under information and belief, Defendant communicated information in connection with the collection of the Debt to a third-party vendor that provided various scrubbing services with respect to Mr. Pino and the Account.

26. Defendant also communicated information in connection with the collection of the Debt to third-party vendors that it used to send collection letters to Mr. Pino.

27. The third-party vendor used the information from Defendant's communication in connection with the collection of the Debt to populate some or all information into a prewritten template that was then sent to Mr. Pino.

28. For example, on or around July 10, 2021, Defendant used a third-party vendor to send a letter directly to Mr. Pino in connection with the collection of an alleged debt owed on the Account. *See* **Exhibit A.**

29. Defendant's July 10, 2021 letter was addressed directly to Mr. Pino, demanded a total amount due of $5,497.70, offered the option to pay online, pay by mail, or pay by phone, and represented that Defendant's letter was "an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose." *See* **Exhibit A.**

30. All of Defendant's letters to Mr. Pino were done in connection with the collection of the alleged Debt.

### *Count1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

31. Mr. Pino re-alleges paragraphs 1-30 and incorporates the same herein by reference.

32. Mr. Pino is a "consumer" within the meaning of the FDCPA.

33. The subject debt is a "consumer debt" within the meaning of the FDCPA.

34. Defendant is a "debt collector" within the meaning of the FDCPA.

35. Defendant's communication of information in connection with the collection of the Debt to the subject third-party vendor(s) is a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and prohibited under 1692c(b).

36. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692c(b) by communicating in connection with the collection of the Debt with person(s) other than Mr. Pino, his attorney, or a consumer reporting agency without the prior consent of Mr. Pino given directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a postjudgment judicial remedy.

37. As a result of the above violations of the FDCPA, Mr. Pino has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

38. Defendant's actions have damaged Mr. Pino by causing him stress.

39. Defendant's actions have damaged Mr. Pino by causing him anxiety.

40. Defendant's actions have damaged Mr. Pino by being an annoyance.

41. Defendant's actions have damaged Mr. Pino by causing him aggravation.

42. It has been necessary for Mr. Pino to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

43. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

    b. Awarding actual damages;

    c. Awarding costs and attorneys' fees;

    d. Ordering an injunction preventing further wrongful contact by the Defendant; and

    e. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **MARIO PINO**, demands a trial by jury on all issues so triable.

Respectfully submitted this **January 30, 2022**,

/s/ *Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
*Counsel for Plaintiff*

Filing # 142913228 E-Filed 01/30/2022 10:38:45 AM

# EXHIBIT A

P.O. Box 390905
Minneapolis, MN 55439



Radius Reference Number: ____3435
Balance Due: $5,497.70

MARIO J PINO

Radius Global Solutions
P.O. Box 390905
Minneapolis, MN 55439

July 10, 2021
Radius Reference Number: ____3435
Account #: ************1309
Balance Due: $5,497.70

Customer Service: 866-390-2348 ext 3169
OFFICE HOURS: MON - FRI: 8AM - 5PM CENTRAL TIME
Creditor: CITIBANK, N.A.
Regarding: Citi Mastercard®

Account Balance: $5,497.70

Dear Mario J Pino,

CITIBANK, N.A. authorized Radius Global Solutions to collect this debt on their behalf. We are aware of today's economic climate and the challenges you may be facing. We pride ourselves on being a problem solving leader in this industry and we are confident we can find a resolution to this account that is mutually agreeable for all involved. This may even include a possible resolution for less than the balance owed. The resolution may include a multi-payment option as well. Please contact us to resolve the above referenced account and know that we are always interested in hearing any repayment suggestions that you feel are fair and affordable. This offer does not affect your rights set forth below.   Make check payable to Citi.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

We look forward to hearing from you.

Thank you,

Radius Global Solutions
866-390-2348 ext 3169

Payment Methods
Online: paymentportal.radiusgs.com using the account information referenced above and pin number ____
Phone: 866-390-2348 ext 3169
Mail: P.O. Box 390905, Minneapolis, MN 55439

This is an attempt to collect a debt by a debt collector and any information ob____
This communication is sent to you by Radius Global Solutions
Radius Global Solutions LLC accepts relay calls. TTY S____
Calls to or from this company are recorded and m____
Our physical address is: 7831 Glenroy Rd. ____ 250 M____